IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Helga Cohen, Steven Cohen, Lisa Echols, Robert Echols, Jr., Melissa Fritz, Wayne Fritz, Alexander Giles, Carolyn Giles, Aimee Gondi, Gokul Gondi, Denise Hubbard, Charles Hubbard, Christopher Long, Leslie Long, Jane Marshall, Christopher Marshall, Joseph Park, Sohee Park, John Parrott, Krista Parrott, Jesse Myers, Jacqueline Myers, Kim Rich, Smythe Rich, and Donna Strom, <br><br>    Plaintiffs,<br>v.<br><br>United States of America,<br><br>    Defendant. | Civil Action No.: 3:16-cv-01489-JMC <br><br><br><br><br><br>**ORDER** |
| Martha Brown, Frank Brown, Jennifer Feldman, Barry Feldman, John Babson, Steve Cloud, Laura Cloud, and Elizabeth Brogdon,<br><br>    Plaintiffs,<br>v.<br><br>United States of America,<br><br>    Defendant. | Civil Action No.: 3:16-cv-03053-JMC <br><br><br><br>**ORDER** |

  Plaintiffs above-named collectively filed these related actions seeking money damages from Defendant United States of America for the destruction caused to their homes by flood water released when the Semmes Lake Dam at Defendant's army installation Fort Jackson (South Carolina) was breached in October 2015. *See Cohen v. United States*, Civil Action No. 3:16-cv-01489-JMC, ECF No. 1 (D.S.C. May 9, 2016) ("*Cohen*") and *Brown v. United States*, Civil Action No. 3:16-cv-03053-JMC, ECF No. 1 (D.S.C. Sept. 8, 2016) ("*Brown*").

1

This matter is before the court by way of Defendant's Motion to Compel Discovery Responses filed on March 23, 2018. (ECF No. 108 (*Cohen*); ECF No. 51 (*Brown*).) Plaintiffs oppose Defendant's Motion in its entirety. (ECF No. 116 (*Cohen*); ECF No. 59 (*Brown*).)

## I. RELEVANT BACKGROUND TO PENDING MOTION

On November 22, 2017, Defendant served its First Set of Interrogatories and Third Set of Requests for Production of Documents and Things on Plaintiffs. (ECF Nos. 108-1 & 108-2 (*Cohen*); ECF Nos. 51-1 & 51-2 (*Brown*).) On December 27, 2017, Plaintiffs provided Defendant with responses to the aforementioned discovery requests. (ECF No. 108 at 2 (*Cohen*); ECF No. 51 at 2 (*Brown*).) Upon review of Plaintiffs' discovery responses and/or objections, Defendant found deficient several of Plaintiffs' responses. Between approximately January 4, 2018, and March 23, 2018, the parties conferred regarding the discovery responses and Plaintiffs attempted to supplement their allegedly deficient responses. (ECF Nos. 108-3, 108-4, 108-5, 108-6 & 108-7 (*Cohen*); ECF Nos. 51-3, 51-4, 51-5, 51-6 & 51-7 (*Brown*). After the parties were unable to resolve the discovery dispute resulting from the alleged deficiencies in Plaintiffs' discovery responses, Defendant filed a Motion to Compel on March 23, 2018. (ECF No. 108 (*Cohen*); ECF No. 51 (*Brown*).) On April 6, 2018, Plaintiffs filed their Memorandum in Opposition to Defendant's Motion to Compel. (ECF No. 116 (*Cohen*); ECF No. 59 (*Brown*).)

## II. JURISDICTION

The court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1346(b)(1), which grants district courts original jurisdiction over civil actions against Defendant including those brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, wherein Defendant can be found "liable to a tort claimant to the same extent that a private person would be liable according to the law of the state of the occurrence." *Juaire v. United States*, No. 4:09-cv-709-TLW, 2012 WL 527598, at *10 (D.S.C. Feb. 16, 2012) (citing 28 U.S.C. § 1346(b) and §

2674).

## III. LEGAL STANDARD

A. <u>Discovery Generally</u>

Amended Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). That said, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

B. <u>Motions to Compel</u>

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. *See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.")

(Internal citation omitted); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

## IV. ANALYSIS

A. <u>Overview of Discovery</u>

The court adheres to the basic premise that the scope of discovery under Rule 26 is defined by whether the information sought is (1) privileged, (2) relevant to a claim or defense and (3) proportional to the needs of the case. *E.g., Gordon v. T.G.R. Logistics, Inc.*, Case No. 16-cv-00238-NDF, 2017 WL 1947537, at *2 (D. Wyo. May 10, 2017). "While the party seeking discovery has the burden to establish its relevancy and proportionality, the party objecting has the burden of showing the discovery should not be allowed and doing so through 'clarifying, explaining and supporting its objections with competent evidence.'" *Wilson v. Decibels of Or., Inc.*, Case No. 1:16-cv-00855-CL, 2017 WL 1943955, at *2 (D. Or. May 9, 2017) (quoting *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (internal citations omitted). A discovery request is relevant "if there is any possibility that the information sought might be relevant to the subject matter of [the] action." *Wilson*, 2017 WL 1943955, at *5 (quoting *Jones v. Commander, Kan. Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993)). Whether a discovery request is proportional is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

With the foregoing as a backdrop, Defendant has filed a Motion to Compel seeking (1)

4

responses to its First Set of Interrogatories Nos. 1–3, 5–12, 14 and 15 and (2) Third Set of Requests for Production of Documents and Things Nos. 1–6, 10 and 11. (ECF No. 108 at 4 (*Cohen*); ECF No. 51 at 4 (*Brown*).) Plaintiffs oppose the instant Motion. Upon review and consideration of the parties' respective positions, the court adjudicates each disputed discovery request as follows:

B.     First Set of Interrogatories

> **Interrogatory No. 1:** Describe in detail all of the negligent acts and omissions by employees of the United States that Plaintiffs contend caused or contributed to their damages in this litigation, specifically identifying (a) the nature and date of each act or omission; (b) the standard of conduct that the act or omission fell below; (c) the federal, state, or local regulation or statute or other authoritative document, if any, that sets forth the standard; and (d) how each act or omission caused or contributed to Plaintiffs' damages.

(ECF No. 108-1 at 4 (*Cohen*); ECF No. 51-1 at 4 (*Brown*).)

The Court's Ruling: The parties dispute the sufficiency of Plaintiffs' responses to Interrogatory No. 1. Specifically, Defendant asserts that Interrogatory No. 1 is a contention interrogatory and Plaintiffs' "responses lack the detail necessary to narrow their broad claims and identify what is specifically alleged to have their claimed damages." (ECF No. 108 at 4–5 (*Cohen*); ECF No. 51 at 4–5 (*Brown*).) In response, Plaintiffs argue that they "have provided a proper response to Defendant regarding the alleged conduct that gives rise to Plaintiffs' claims" and additionally refer Defendant to Plaintiffs' Motion for Summary Judgment (ECF No. 103 (*Cohen*); ECF No. 46 (*Brown*)) and their expert's reports for additional information. (ECF No. 116 at 8 (*Cohen*); ECF No. 59 at 8 (*Brown*).)

Upon its review, the court finds Interrogatory No. 1 to be overly broad and unduly burdensome. "[I]nterrogator[][ies] may properly inquire into a party's contentions in the case." *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006). However, "'contention interrogatories' are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim

5

or defense, such that the answering party is required to provide a narrative account of its case." *Id.* Interrogatory No. 1 is overly broad because it requires Plaintiff to identify "all of the negligent acts and omissions" supporting their claims." (ECF No. 108-7 at 2 (*Cohen*); ECF No. 51-7 at 2 (*Brown*).) Accordingly, the court **GRANTS** Defendant's Motion to Compel answers to Interrogatory No. 1 and **ORDERS** Plaintiffs to provide a response to Interrogatory No. 1 on or before May 8, 2018, but for the reasons noted above, only directs Plaintiffs to provide undisclosed "material" or "principal" information that supports their claims. *See Moses*, 236 F.R.D. at 674. In this regard, the court directs Plaintiffs to answer Interrogatory No. 1 with information that they currently have, and separately notes that Plaintiffs have an obligation to supplement their response if they obtain any additional relevant information regarding Interrogatory No. 1 after further discovery. *See* Fed. R. Civ. P. 26(e)(1); *see also Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, Nos. 7:17-cv-3037, 7:17-cv-3038, 2018 WL 1047155, at *5 (D.S.C. Feb. 25, 2018) ("However, a party has an ongoing duty to supplement or correct its disclosure or response 'in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'") (citations omitted).

> **Interrogatory No. 2:** Describe in detail all of the deficiencies that existed on or before October 2015 in any dam identified in Plaintiffs' response to interrogatory no. 1 that Plaintiffs contend caused or contributed to their damages in this litigation, specifically identifying (a) the nature, extent, and duration of each deficiency; (b) the standard that the dam did not meet due to the deficiency; (c) the federal, state, or local regulation or statute or other authoritative document, if any, that sets forth the standard; and (d) how each deficiency caused or contributed to Plaintiffs' damages.

(ECF No. 108-1 at 4 (*Cohen*); ECF No. 51-1 at 4 (*Brown*).)

<u>The Court's Ruling</u>: The parties dispute Interrogatory No. 2 for the same reasons as

Interrogatory No. 1. (*See* ECF Nos. 108 at 4–5 & 116 at 8 (*Cohen*); ECF Nos. 51 at 4–5 & 59 at 8 (*Brown*).) Therefore, for the reasons stated in the ruling regarding Interrogatory No. 1, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to provide responses to Interrogatory No. 2 containing undisclosed "material" or "principal" information on or before May 8, 2018.

> **Interrogatory No. 3:** If you contend that the South Carolina Department of Health and Environmental Controls was authorized prior to October 5, 2015, to initiate an enforcement action against the owner of a regulated dam that exhibited any deficiency listed in response to interrogatory no. 2, state the basis of that contention with respect to each such deficiency.

(ECF No. 108-1 at 4 (*Cohen*); ECF No. 51-1 at 4 (*Brown*).)

The Court's Ruling: The parties do not appear to dispute the relevance and proportionality of the information considered to be responsive to Interrogatory No. 3. (*See* ECF No. 116 at 7 n.2 (*Cohen*); ECF No. 59 at 7 n.2 (*Brown*).) As a result, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to submit responses to Interrogatory No. 3 on or before May 8, 2018.

> **Interrogatory No. 5:** If a Plaintiff contends that any real property (including improvements thereon), or any personal property, for which damages are claimed in this litigation was not damaged by surface water or floodwater before the arrival of floodwater from the breach of Semmes lake dam, as simulated by Plaintiffs' experts, identify (a) the property (including real-property improvements); (b) whether the property in its entirety, or only some portion thereof, was undamaged until the Semmes-breach floodwaters arrived; (c) the portion of the property or improvement (*e.g.*, basement, first floor, front yard, living room, bedroom, refrigerator, dishwasher) that was undamaged by those waters at that time; and (d) the elevation of the surface water and floodwater at the location of the undamaged property when floodwater from the breach of Semmes lake dam arrived (as estimated from Plaintiffs' experts' simulation) for each property.

(ECF No. 108-1 at 4 (*Cohen*); ECF No. 51-1 at 4 (*Brown*).)

The Court's Ruling: The parties dispute the sufficiency of Plaintiffs' responses to Interrogatory No. 5. Specifically, Defendant asserts that Plaintiffs' "contention is unbelievable"

that "all of the damage sustained by Plaintiffs was due solely to the Fort Jackson dam failures." (ECF No. 108 at 5–7 (referencing 108-7 at 5) (*Cohen*); ECF No. 51 at 5–7 (referencing 51-7 at 5) (*Brown*).) In response, Plaintiffs argue that they "have no knowledge of property that was damaged prior to the dam breaches during the actual event and have so stated in their responses." (ECF No. 116 at 8 (*Cohen*); ECF No. 59 at 8 (*Brown*).)

"The court cannot compel a party to furnish information that they do not possess." *Hoffman v. Jones*, No. 2:15-cv-1748-EFB P, 2017 WL 5900086, at *8 (E.D. Cal. Nov. 30, 2017). For this reason, the court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Compel responses to Interrogatory No. 5. However, to the extent Plaintiffs learn of information responsive to Interrogatory No. 5, Plaintiffs should provide such information to Defendant in the form of an amended response.

> **Interrogatory No. 6:** If a Plaintiff contends that floodwater from the breach of Semmes lake dam caused, contributed to, or worsened, damage to any real property (including improvements thereon), or any personal property, that was already damaged before the arrival of floodwater from the breach of Semmes lake dam, as simulated by Plaintiffs' experts, identify (a) the property (including real-property improvements), or portion of the property or improvement; (b) the manner in which the Semmes-breach floodwaters caused, contributed to, or worsened the damage; (c) the proportion of damage attributable to Semmes-breach floodwaters as compared to the damage attributable to any other source; and (d) the basis for the proportions assigned in response to subpart "c."

(ECF No. 108-1 at 5–6 (*Cohen*); ECF No. 51-1 at 5–6 (*Brown*).)

The Court's Ruling: The parties dispute Interrogatory No. 6 for the same reasons as Interrogatory No. 5. (*See* ECF Nos. 108 at 5–7 (referencing 108-7 at 6) & 116 at 8 (*Cohen*); ECF No. 51 at 5–7 (referencing 51-7 at 6) & 59 at 8 (*Brown*).) Therefore, for the reasons stated in the ruling regarding Interrogatory No. 5, the court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Compel a response to Interrogatory No. 6.

> **Interrogatory No. 7:** Describe in detail each Plaintiff's knowledge of, and involvement with, the Letter of Map Revision for Wildcat Creek and Wildcat

Creek Tributary No. 1.

(ECF No. 108-1 at 6 (*Cohen*); ECF No. 51-1 at 6 (*Brown*).)

The Court's Ruling: The parties do not appear to dispute the relevance and proportionality of the information considered to be responsive to Interrogatory No. 7. (*E.g.*, ECF No. 116 at 7 n.2 (*Cohen*); ECF No. 59 at 7 n.2 (*Brown*).) As a result, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to submit responses to Interrogatory No. 7 on or before May 8, 2018.

> **Interrogatory No. 8:** Describe in detail each Plaintiff's knowledge of, and involvement with, Semmes Lake or Semmes Lake dam prior to October 4, 2015.

(ECF No. 108-1 at 6 (*Cohen*); ECF No. 51-1 at 6 (*Brown*).)

The Court's Ruling: The parties dispute the sufficiency of Plaintiffs' responses to Interrogatory No. 8. Defendant asserts that the interrogatory appropriately "seek[s] information and documents relevant to assumption of risk, contributory negligence, and mitigation of damages." (ECF No. 108 at 8 (*Cohen*); ECF No. 51 at 8 (*Brown*).) In response, Plaintiffs argue that they appropriately "responded that they had no involvement with the Semmes Lake Dam and that few Plaintiffs had knowledge of the dam." (ECF No. 116 at 9 (*Cohen*); ECF No. 59 at 9 (*Brown*).)

"The court cannot compel a party to furnish information that they do not possess." *Hoffman v. Jones*, No. 2:15-cv-1748-EFB P, 2017 WL 5900086, at *8 (E.D. Cal. Nov. 30, 2017). For this reason, the court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Compel responses to Interrogatory No. 8. However, to the extent Plaintiffs learn of information responsive to Interrogatory No. 8, Plaintiffs should provide such information to Defendant in the form of an amended response.

> **Interrogatory No. 9:** Describe in detail each Plaintiff's knowledge of the rain that was predicted to fall, or that was falling, in Columbia and its environs at any

time, or over any period, during the Historic October 2015 deluge, specifically identifying (a) the source of such knowledge for each prediction or occurrence; (b) the amount and duration of rainfall for each prediction or occurrence and (c) when (the date and time) such knowledge of a prediction or an occurrence was acquired.

(ECF No. 108-1 at 6 (*Cohen*); ECF No. 51-1 at 6 (*Brown*).)

The Court's Ruling: The parties do not appear to dispute the relevance and proportionality of the information considered to be responsive to Interrogatory No. 9. (*See* ECF No. 116 at 7 n.2 (*Cohen*); ECF No. 59 at 7 n.2 (*Brown*).) As a result, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to submit responses to Interrogatory No. 9 on or before May 8, 2018.

> **Interrogatory No. 10:** Describe in detail all actions each Plaintiff took before the historic October 2015 deluge to reduce the risk of damage by floodwater or surface water to the real property (including the improvements thereon) for which damages are claimed in this litigation.

(ECF No. 108-1 at 6 (*Cohen*); ECF No. 51-1 at 6 (*Brown*).)

The Court's Ruling: The parties dispute the relevance and proportionality of the information sought in Interrogatory No. 10. Specifically, Defendant asserts that the request "seek[s] information and documents relevant to assumption of risk, contributory negligence, and mitigation of damages." (ECF No. 108 at 8 (*Cohen*); ECF No. 51 at 8 (*Brown*).) Plaintiffs oppose the request asserting that it "seek[s] information that directly relates to Plaintiffs' claims for damages" and "[a]s the matter remains in the liability phase, discovery on damages is not ripe." (ECF No. 116 at 9 (*Cohen*); ECF No. 59 at 9 (*Brown*).)

Upon review, the court observes that even though it has agreed to separate trials on the issues of liability and damages, there is no requirement that the court delay discovery on damages. *See, e.g., Foseco, Inc. v. Consolidated Aluminum Corp.*, 851 F. Supp. 369, 371 (E.D. Mo. 1991) ("Under the circumstances, the defendants have not demonstrated with any specificity

that the damages discovery would be unduly burdensome if performed along with discovery on liability."). In this regard, the court is not persuaded that Plaintiffs have specified an appropriate reason to disallow Interrogatory No. 10. *Cf. Lewis v. Chi. Hous. Auth.*, No. 91 C 1478, 1991 WL 195795, at *4 (N.D. Ill. Sept. 25, 1991) ("Under the liberal rules of discovery, defendant is entitled to have access to any information which relates to the mitigation of damages issue."); *Cranston Print Works Co., The Cloth Co. Div. v. Betmar Fabric Ltd.*, No. 84 Civ. 1992 (SWK), 1985 WL 3365, at *1 (S.D.N.Y. Oct. 28, 1985) ("Should the issue of liability and damages be separated, the Court foresees numerous disputes as to whether discovery requests involve damage or liability issues. Resolution of these would waste judicial time.") Accordingly, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to submit responses to Interrogatory No. 10 on or before May 8, 2018.

> **Interrogatory No. 11:** Describe in detail all actions each Plaintiff took during the historic October 2015 deluge to reduce the risk of damage by floodwater or surface water to the real property (including the improvements thereon) for which damages are claimed in this litigation.

(ECF No. 108-1 at 6 (*Cohen*); ECF No. 51-1 at 6 (*Brown*).)

The Court's Ruling: The parties dispute Interrogatory No. 11 for the same reasons as Interrogatory No. 10. (*See* ECF Nos. 108 at 8 & 116 at 9 (*Cohen*); ECF Nos. 51 at 8 & 59 at 9 (*Brown*).) Therefore, for the reasons stated in the ruling regarding Interrogatory No. 10, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to submit responses to Interrogatory No. 11 on or before May 8, 2018.

> **Interrogatory No. 12:** Describe in detail all actions each Plaintiff took during and after the historic October 2015 deluge to minimize damage from it.

(ECF No. 108-1 at 6 (*Cohen*); ECF No. 51-1 at 6 (*Brown*).)

The Court's Ruling: The parties dispute Interrogatory No. 12 for the same reasons as Interrogatory No. 10. (*See* ECF Nos. 108 at 8 & 116 at 9 (*Cohen*); ECF Nos. 51 at 8 & 59 at 9

(*Brown*).) Therefore, for the reasons stated in the ruling regarding Interrogatory No. 10, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to submit responses to Interrogatory No. 12 on or before May 8, 2018.

> **Interrogatory No. 14:** For all individual or collective items (*e.g.*, wine collections) listed in the spreadsheet entitled "Flood Losses Kings Grant," provided to counsel for the United States on October 6, 2017, for which damages in the amount of $1,000 or greater are claimed, identify (a) the nature and extent of the damage to the item or items; (b) the method or methods used to arrive at the amount claimed for the item or items; and (c) any documents concerning the value of the item or items; and (d) any person possessing information concerning the value of the item or items.

(ECF No. 108-1 at 7 (*Cohen*); ECF No. 51-1 at 7 (*Brown*).)

The Court's Ruling: The parties dispute the relevance and proportionality of the information sought in Interrogatory No. 14. Specifically, Defendant asserts that the request "seek[s] substantiation for the amounts of Plaintiffs' damages claims" and such information "is relevant to liability issues or [] will aid in resolution of the cases." (ECF No. 108 at 9, 10 (*Cohen*); ECF No. 51 at 9, 10 (*Brown*).) Plaintiffs oppose the request asserting that it seeks information "related to 'damages,' and as discovery in this matter was bifurcated," discovery on the damages issues should be stayed until after the trial on liability. (ECF No. 116 at 7 (*Cohen*); ECF No. 59 at 7 (*Brown*).)

Upon review, the court observes that even though it has agreed to separate trials on the issues of liability and damages, there is no requirement that the court delay discovery on damages. *See, e.g., Foseco, Inc. v. Consolidated Aluminum Corp.*, 851 F. Supp. 369, 371 (E.D. Mo. 1991) ("Under the circumstances, the defendants have not demonstrated with any specificity that the damages discovery would be unduly burdensome if performed along with discovery on liability."). Moreover, there are issues of judicial economy and expediency that support allowing discovery to proceed especially if issues of liability and damages are intertwined as argued by

Defendant. *See id.* (observing that "[i]n *Naxon Telesign/ Corp. v. GTE Info. Syss., Inc.*, 89 F.R.D. 333, 341 (N.D. Ill. 1980), discovery of damages in a bifurcated patent case was not delayed so that, in the event of settlement negotiations, the plaintiff would be fully informed."); *see also Cranston Print Works Co., The Cloth Co. Div. v. Betmar Fabric Ltd.*, No. 84 Civ. 1992 (SWK), 1985 WL 3365, at *1 (S.D.N.Y. Oct. 28, 1985) ("Should the issue of liability and damages be separated, the Court foresees numerous disputes as to whether discovery requests involve damage or liability issues. Resolution of these would waste judicial time.") As a result, the court observes that it is not persuaded that Plaintiffs have specified an appropriate reason to disallow the discovery sought in Interrogatory No. 14 during the liability phase of this litigation. Accordingly, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to submit responses to Interrogatory No. 14 on or before May 8, 2018.

> **Interrogatory No. 15:** For all individual or collective items (*e.g.*, wine collections) listed in the spreadsheet entitled "Flood Losses Kings Grant," provided to counsel for the United States on October 6, 2017, that are no longer in the Plaintiffs' possession, custody, or control, in whole or in part, and for which damages of $5,000 or greater are claimed, identify (a) the date each item left your possession, custody, or control, (b) the reason why it left your possession, custody, or control, (c) the means by which it left your possession, custody, or control (*e.g.*, disposal, destruction, abandonment, sale, or donation), (d) the present location and custodian of the property, and (e) all efforts taken to document or otherwise establish the nature and condition of the property before and after it was damaged in the historic October 2015 deluge.

(ECF No. 108-1 at 7 (*Cohen*); ECF No. 51-1 at 7 (*Brown*).)

The Court's Ruling: The parties dispute Interrogatory No. 15 for the same reasons as Interrogatory No. 14. (*See* ECF Nos. 108 at 9, 10 & 116 at 7 (*Cohen*); ECF Nos. 51 at 9, 10 & 59 at 7 (*Brown*).) Therefore, for the reasons stated in the ruling regarding Request No. 15, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to submit responses to Interrogatory No. 15 on or before May 8, 2018.

C.     Third Set of Requests for Production

> **Request for Production No. 1:** All documents, information, and things concerning ownership of property for which Plaintiffs are claiming damages in this litigation, including but not limited to property deeds and car titles.

(ECF No. 108-2 at 3 (*Cohen*); ECF No. 51-2 at 3 (*Brown*).)

The Court's Ruling: The parties dispute the relevance and proportionality of the information sought in Request No. 1. Specifically, Defendant asserts that the request "seek[s] substantiation for the amounts of Plaintiffs' damages claims" and such information "is relevant to liability issues or [] will aid in resolution of the cases." (ECF No. 108 at 9, 10 (*Cohen*); ECF No. 51 at 9, 10 (*Brown*).) Plaintiffs oppose the request asserting that it seeks information "related to 'damages,' and as discovery in this matter is bifurcated," discovery on the damages issues should be stayed until after the trial on liability. (ECF No. 116 at 4–6 (*Cohen*); ECF No. 59 at 4–6 (*Brown*).)

Upon review, the court observes that even though it has agreed to separate trials on the issues of liability and damages, there is no requirement that the court delay discovery on damages. *See, e.g., Foseco, Inc. v. Consolidated Aluminum Corp.*, 851 F. Supp. 369, 371 (E.D. Mo. 1991) ("Under the circumstances, the defendants have not demonstrated with any specificity that the damages discovery would be unduly burdensome if performed along with discovery on liability."). Moreover, there are issues of judicial economy and expediency that support allowing discovery to proceed especially if issues of liability and damages are intertwined as argued by Defendant. *See id.* (observing that "[i]n *Naxon Telesign/ Corp. v. GTE Info. Syss., Inc.*, 89 F.R.D. 333, 341 (N.D. Ill. 1980), discovery of damages in a bifurcated patent case was not delayed so that, in the event of settlement negotiations, the plaintiff would be fully informed."); *see also Cranston Print Works Co., The Cloth Co. Div. v. Betmar Fabric Ltd.*, No. 84 Civ. 1992 (SWK), 1985 WL 3365, at *1 (S.D.N.Y. Oct. 28, 1985) ("Should the issue of liability and

damages be separated, the Court foresees numerous disputes as to whether discovery requests involve damage or liability issues. Resolution of these would waste judicial time.") As a result, the court observes that it is not persuaded that Plaintiffs have specified an appropriate reason to disallow the discovery sought in Request No. 1 during the liability phase of this litigation. Accordingly, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to produce responsive documentation on or before May 8, 2018.

> **Request for Production No. 2:** All documents, information, and things concerning the value of any property for which Plaintiffs are claiming damages in this litigation, including but not limited to property appraisals and documents evidencing the property's authenticity, genuineness, or uniqueness (*e.g.*, certificates of authenticity).

(ECF No. 108-2 at 3–4 (*Cohen*); ECF No. 51-2 at 3–4 (*Brown*).)

The Court's Ruling: The parties dispute Request No. 2 for the same reasons as Request No. 1. (*See* ECF Nos. 108 at 9, 10 & 116 at 4–6 (*Cohen*); ECF Nos. 51 at 9, 10 & 59 at 4–6 (*Brown*).) Therefore, for the reasons stated in the ruling regarding Request No. 1, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to produce documentation responsive to Request No. 2 on or before May 8, 2018.

> **Request for Production No. 3:** All documents, information, and things concerning ownership or legal standing with respect to each legal claim asserted against the United States in connection with this litigation, including but not limited to assignments of claims or marital-separation agreements.

(ECF No. 108-2 at 4 (*Cohen*); ECF No. 51-2 at 4 (*Brown*).)

The Court's Ruling: The parties dispute Request No. 3 for the same reasons as Request No. 1. (*See* ECF Nos. 108 at 9, 10 & 116 at 4–6 (*Cohen*); ECF Nos. 51 at 9, 10 & 59 at 4–6 (*Brown*).) Therefore, for the reasons stated in the ruling regarding Request No. 1, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to produce documentation responsive to Request No. 3 on or before May 8, 2018.

**Request for Production No. 4:** All documents, information, and things concerning actions any Plaintiff took before the historic October 2015 deluge to reduce the risk of damage by floodwater or surface water to the real property (including the improvements thereon) for which damages are claimed in this litigation.

(ECF No. 108-2 at 4 (*Cohen*); ECF No. 51-2 at 4 (*Brown*).)

The Court's Ruling: The parties dispute the relevance and proportionality of the information sought in Request No. 4. Specifically, Defendant asserts that the request "seek[s] information and documents relevant to assumption of risk, contributory negligence, and mitigation of damages." (ECF No. 108 at 8 (*Cohen*); ECF No. 51 at 8 (*Brown*).) Plaintiffs oppose the request asserting that it seeks information "related to 'damages,' and as discovery in this matter is bifurcated," discovery on the damages issues should be stayed until after the trial on liability. (*See* ECF No. 116 at 4–6 (*Cohen*); ECF No. 59 at 4–6 (*Brown*).)

Upon review, the court observes that even though it has agreed to separate trials on the issues of liability and damages, there is no requirement that the court delay discovery on damages. *See, e.g., Foseco, Inc. v. Consolidated Aluminum Corp.*, 851 F. Supp. 369, 371 (E.D. Mo. 1991) ("Under the circumstances, the defendants have not demonstrated with any specificity that the damages discovery would be unduly burdensome if performed along with discovery on liability."). In this regard, the court is not persuaded that Plaintiffs have specified an appropriate reason to disallow the aforementioned discovery. *Cranston Print Works Co., The Cloth Co. Div. v. Betmar Fabric Ltd.*, No. 84 Civ. 1992 (SWK), 1985 WL 3365, at *1 (S.D.N.Y. Oct. 28, 1985) ("Should the issue of liability and damages be separated, the Court foresees numerous disputes as to whether discovery requests involve damage or liability issues. Resolution of these would waste judicial time.") Accordingly, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to produce responsive documentation on or before May 8, 2018.

**Request for Production No. 5:** All documents, information, and things

concerning actions any Plaintiff took during the historic October 2015 deluge to reduce the risk of damage by floodwater or surface water to the real property (including the improvements thereon) for which damages are claimed in this litigation.

(ECF No. 108-2 at 4 (*Cohen*); ECF No. 51-2 at 4 (*Brown*).)

The Court's Ruling: The parties dispute Request No. 5 for the same reasons as Request No. 4. (*See* ECF Nos. 108 at 8 & 116 at 4–6 (*Cohen*); ECF Nos. 51 at 8 & 59 at 4–6 (*Brown*).) Therefore, for the reasons stated in the ruling regarding Request No. 4, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to produce documentation responsive to Request No. 5 on or before May 8, 2018.

**Request for Production No. 6:** All documents, information, and things concerning actions any Plaintiff took during and after the historic October 2015 deluge to minimize damage from it.

(ECF No. 108-2 at 4 (*Cohen*); ECF No. 51-2 at 4 (*Brown*).)

The Court's Ruling: The parties dispute Request No. 6 for the same reasons as Request No. 4. (*See* ECF Nos. 108 at 8 & 116 at 4–6 (*Cohen*); ECF Nos. 51 at 8 & 59 at 4–6 (*Brown*).) Therefore, for the reasons stated in the ruling regarding Request No. 4, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to produce documentation responsive to Request No. 6 on or before May 8, 2018.

**Request for Production No. 10:** To the extent not already requested, all documents, information, and things concerning the Application for Letter of Map Revision for Wildcat Creek and Wildcat Creek Tributary No. 1 dated July 2011 or the Letter itself, including but not limited to correspondence with Florence & Hutcheson, Inc.

(ECF No. 108-2 at 5 (*Cohen*); ECF No. 51-2 at 5 (*Brown*).)

The Court's Ruling: The parties do not appear to dispute the relevance and proportionality of the information considered to be responsive to Request No. 10. (*See* ECF No. 116 at 5 n.1 (*Cohen*); ECF No. 59 at 5 n.1 (*Brown*).) As a result, the court **GRANTS**

Defendant's Motion to Compel and **ORDERS** Plaintiffs to produce documentation responsive to Request No. 10 on or before May 8, 2018.

> **Request for Production No. 11:** To the extent not already requested, all documents, information, and things concerning the damages claimed by Plaintiffs.

(ECF No. 116 at 5 (*Cohen*); ECF No. 51-2 at 5 (*Brown*).)

The Court's Ruling: The parties dispute Request No. 11 for the same reasons as Request No. 1. (*See* ECF Nos. 108 at 9, 10 & 116 at 4–6 (*Cohen*); ECF Nos. 51 at 9, 10 & 59 at 4–6 (*Brown*).) Therefore, for the reasons stated in the ruling regarding Request No. 1, the court **GRANTS** Defendant's Motion to Compel and **ORDERS** Plaintiffs to produce documentation responsive to Request No. 11 on or before May 8, 2018.

## V. CONCLUSION

After extensive review of the parties' arguments and submissions, the court for the reasons set forth above **GRANTS IN PART AND DENIES IN PART** Defendant United States of America's Motion to Compel Discovery Responses. (ECF No. 108 (*Cohen*); ECF No. 51 (*Brown*).) Plaintiffs shall submit responses to the aforementioned discovery requests as specified in this Order on or before May 8, 2018.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 20, 2018
Columbia, South Carolina